IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL F. HARRISON,

    Plaintiff,     No. 2:12-cv-2000 KJM CKD P

  vs.

SERGEANT LINDE, et al.,

    Defendants.     ORDER AND FINDINGS AND

                                    RECOMMENDATIONS

_____/

Plaintiff, a state prisoner, proceeds pro se and in forma pauperis with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  A motion to sever filed by two of the four named defendants is pending, and two motions filed by plaintiff are before the court.

I. Motion for Court Order Regarding Evidence

Plaintiff has filed a motion styled as "Motion for Court Order that Defendants and their Associates and Company Give up Documents and Evidence."  (Dkt. No. 28.)  Plaintiff requests the court to order the defendants and their attorneys to provide him with a multitude of documents which he contends would support his claims in this action.  Plaintiff's motion will be denied.  Plaintiff may seek discovery at the appropriate time in accordance with the discovery and scheduling order which will issue following resolution of the pending motion to sever.

1

II.  Plaintiff's Motion for Miscellaneous Relief

Plaintiff has filed a motion asking, in part, for an extension of time to file (1) a reply to defendants answer and (2) an opposition to the pending motion to sever.  Neither the Federal Rules of Civil Procedure nor this court's Local Rules provide for a reply to an answer absent a court order.  Plaintiff states that he has 21 days to file a reply to defendants' answer under Rule 12(a)(1)(C), however plaintiff misinterprets the rule.  Fed. R. Civ. P. 12(a)(1)(c) only authorizes a reply to an answer when the court orders a reply.  Accordingly, plaintiff's motion for extension of time to file a reply to defendants' answer will be denied.  However, his motion for extension of time to file an opposition to the motion to sever will be granted.

Plaintiff also requests the court to order that he be given access to the law library, that he be provided with legal supplies, and that his legal property be returned to him.  Plaintiff contends that "although he is given access to legal work tools, the access is not capable of allowing plaintiff to meaningful access." (Dkt. No. 29 at 2.)  In support of his request, plaintiff states that he has only been allowed law library access three times in the past four months, that he has had to borrow an ink pen from other inmates on occasion, and that he has had limited access to the copy machines.  (Id.)

An inmate has a constitutionally protected right of meaningful access to the courts.  Bounds v. Smith, 430 U.S. 817, 820-821 (1977).  This right encompasses more than access to an adequate law library: it includes access to "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." Id. at 824-25.  To prevail, however, it is not enough for an inmate to show some sort of denial; he must also show "actual injury" from the denial or delay of services.  The Supreme Court has described the actual injury requirement as follows:

> [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of

> deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis v. Casey, 518 U.S. 343, 351 (1996).

This is plaintiff's second request for the court to issue an order that legal materials be provided to him and that legal property be returned to him. In the court's order of October 18, 2012, plaintiff's motion was denied on the following basis:

> [P]laintiff's motion is not specific as to the nature of his legal material that prison officials are allegedly withholding, nor to any specific injury that he has suffered as a result. In addition, to any extent prison officials have denied him legal materials or services, it is clear that denial has not blocked him from filing the instant motions or other requests for relief in this case. Under these circumstances, the court finds that plaintiff has not shown actual injury from the denial of materials and services at this time.
>
> It is further noted that plaintiff does not name the prison officials who are allegedly withholding legal materials or services from him. As a general rule, this court is unable to issue an injunctive order against individuals or entities who are not parties to the suit pending before it. See Zenigh Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969). Likewise, if the injury caused by the alleged deprivation hinders plaintiff from pursuing a claim other than the ones alleged in this case, the deprivation and injury are not redressable in this case. See, e.g., Benyamini v. Manjuano, 2011 WL 4963108 (E.D. Cal. Oct. 18, 2011) ("This Court lacks jurisdiction to issue an order requiring prison officials to transfer [plaintiff] based on retaliatory acts occurring after this action was filed, because the Court does not have such a case or controversy before it in this action. [Citations.]").

Dkt. No. 16 at 2-3.

Plaintiff still has not identified with specificity the nature of his legal property/material to which he is allegedly being denied access, and by whom. In addition, since plaintiff is being provided with some access to the law library, albeit not as much as he desires, the court should decline to intervene in internal prison affairs at this time to order additional access, particularly in light of the granting of the extension of time for plaintiff to respond to defendants' motion for severance. Plaintiff states he needs the extra law library time to file

3

"replies and oppositions, and motions," however, at this point, defendants' motion to sever is the only matter plaintiff need address. The law on permissive joinder is as follows.

Pursuant to Fed. R. Civ. P. 20(a)(2), multiple defendants may be joined in one action if: (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2); see also Coughlin v. Rogers, 130 F.3d 1348, 1350-52 (9th Cir. 1997). As long as these requirements are satisfied, a plaintiff may join as many claims as he has against any defendant, even if those claims are unrelated. See Fed. R. Civ. P. 18(a).

Unrelated claims against different defendants, however, should be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id. If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties. See Fed. R. Civ. P. 21.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for court order regarding evidence (Dkt. No. 28) is DENIED;

2. Plaintiff's request for an extension of time to file a reply to defendants' answer is DENIED; and

3. Plaintiff's request for an extension of time to file an opposition to defendants' motion to sever is GRANTED, and plaintiff has an additional 30 days from the date of this order to file and serve his opposition.

/////

/////

In addition, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for a court order for access to the law library and for legal material to be returned to him (Dkt. No. 29) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 22, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
harr2000.36(2).misc