1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARL F. HARRISON,                          No.  2:12-cv-2000 KJM CKD P

12                 Plaintiff,

13          v.                                   ORDER

14   DeBOARD, et al.,

15                 Defendants.

16

17

18          This pro se prisoner action brought pursuant to 42 U.S.C. § 1983 proceeds against

19   defendants DeBoard and Lopez.[1]  (ECF No. 46.)  Discovery is proceeding until December 6,

20   2013.  (ECF No. 50.)  Before the court are several pending motions by plaintiff, most of which

21   concern discovery issues.  Defendants have so far opposed one such motion, arguing that it is

22   premature.  As no further briefing is necessary, the court addresses all pending motions herein. [2]

23

24   [1] On July 25, 2013, the claims in this case were severed into two separate actions: the instant case
     and Case. No. 2:13-cv-1510 KJM CKD P, proceeding against defendants Simpson and Linde.  As
25   similar motions are pending in that action as well, the court will address them by separate order.

26   [2] In addition to the motions addressed herein, plaintiff recently filed three duplicative motions.
27   (ECF Nos. 64, 65, 66.)  As these motions appear to have been erroneously filed twice, they will
     be disregarded.

28
                                              1

1    I. Discovery Motions

2          On September 23, 2013, plaintiff filed a motion to compel discovery, arguing that

3    defendants failed to answer numerous discovery requests, which he attached to the motion.  (ECF

4    No. 56.)  On October 4, 2013, defendants filed an opposition, arguing that the motion should be

5    denied as premature because the deadline for defendants' response had not yet passed.

6    Defendants further stated that they had not received two sets of plaintiff's attached discovery

7    requests, which were not accompanied by proofs of service, and that defense counsel had written

8    to plaintiff offering to respond to this discovery if and when it was propounded.  (ECF No. 59.)

9    As defendants' arguments have merit, this motion will be denied as premature.

10         On November 7, 2013, plaintiff filed a second motion to obtain discovery.  (ECF No. 62.)

11   The motion consists of a list of information he would like defendants to provide.  Plaintiff is

12   informed that court permission is not necessary for discovery requests and that neither discovery

13   requests served on an opposing party nor that party's responses should be filed until such time as

14   a party becomes dissatisfied with a response and seeks relief from the court pursuant to the

15   Federal Rules of Civil Procedure.  Discovery requests between the parties shall not be filed with

16   the court unless, and until, they are at issue.  Accordingly, this motion will be denied.

17         Also on November 7, 2013, plaintiff filed a motion "to have defendants answer the . . .

18   questions they failed to answer" in certain interrogatories propounded by plaintiff.  Plaintiff

19   asserts that defendants responded to these interrogatories on October 23, 2013, but he fails to

20   attach their responses.  Plaintiff also seeks to propound additional interrogatories.  (ECF No. 63.)

21   Plaintiff has provided no record of what objections defendants made to his requests and has failed

22   to carry his burden to show why their responses are inadequate.  See Williams v. Cate, 2011 WL

23   6217378 at *1 (E.D. Cal. Dec. 14, 2011) ("Plaintiff bears the burden of informing the Court . . .

24   for each disputed response, why Defendant's objection is not justified. . . . Plaintiff may not

25   simply assert that he has served discovery responses, that he is dissatisfied, and that he wants an

26   order compelling further responses."), citing Ellis v. Cambra, 2008 WL 860523 at *4 (E.D. Cal.

27   Mar. 27, 2008); see also Cal. Rules of Court, Rule 3.1345 (party moving to compel discovery

28   responses must include reasons why further answers should be ordered: legal or factual arguments

2

1    why the answers given were incomplete or nonresponsive, or the objections invalid).   Thus this

2    motion to compel will be denied.   The court declines at this time to grant plaintiff leave to serve

3    additional interrogatories beyond the limit set forth in Rule 33(a)(1) of the Federal Rules of Civil

4    Procedure.

5    II.  Motion for Injunctive Relief

6           On October 2, 2013, plaintiff filed a motion seeking an order directing the Warden of

7    California State Prison, Corcoran to allow him "to make legal copies in excess of 100 pages."  He

8    asserts that prison law library staff's failure to make the desired number of copies has resulted in

9    his being unable to file a proposed amended complaint.  He further complains that the process for

10   obtaining approval to make copies takes too long.  Plaintiff has made multiple requests for an

11   order directing prison officials to supply him with legal materials and/or services.  All have been

12   denied.  (See ECF Nos. 16, 46, 49.)

13          As set forth in this court's order of February 25, 2013, an inmate has a constitutionally

14   protected right of meaningful access to the courts.  Bounds v. Smith, 430 U.S. 817, 820-821

15   (1977).  To prevail on a request for relief, however, it is not enough for an inmate to show some

16   sort of denial: he must also show "actual injury" from the denial or delay of services."  Lewis. v.

17   Casey, 518 U.S. 343, 351 (1996).  Here, plaintiff has not shown actual injury from the alleged

18   denial of services.   (See ECF No. 54 (denying motion to amend complaint without prejudice to

19   refiling).)  Moreover, the court lacks jurisdiction over the Warden and/or prison law library staff,

20   as they are not defendants in this action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395

21   U.S. 100 (1969).  Plaintiff cannot, by this motion, enjoin persons who are not defendants in the

22   underlying action, based on claims that are not set forth in the operative complaint.  Accordingly,

23   plaintiff's motion for injunctive relief will be denied.[3]

24   _____

25   [3]  Local Rule 302 of the Eastern District of California authorizes magistrate judges to handle all aspects of a prisoner's case short of jury trial. This rule reflects the contours of magistrate judge

26   authority established by Congress. Pursuant to Section 636, Title 28, United States Code, magistrate judges may determine any pretrial matter unless it is "dispositive" to the action, see

27   United States v. Raddatz, 447 U.S. 667, 673 (1980), or seeks injunctive relief of the same character as that which may be finally granted by the action, see De Beers Consolidated Mines,

28   Ltd. v. United States, 325 U.S. 212, 219-200.  See 28 U.S.C. § 636(b) (1)(A).  As plaintiff seeks

III.  <u>Limiting Order</u>

Plaintiff's filing of frivolous motions is a burden on this court and impedes the proper prosecution of this action.  Plaintiff's future filings shall therefore be limited as set forth below.

Accordingly, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's September 23, 2013 motion to compel discovery (ECF No. 56) is denied;

2.  Plaintiff's October 2, 2013 motion for law library access (ECF No. 60) is denied;

3.  Plaintiff's November 7, 2013 motion for discovery (ECF No. 62) is denied;

4.  Plaintiff's November 7, 2013 motion for additional interrogatories (ECF No. 63) is denied;

5.  Plaintiff  may only file the following documents:

a.  One dispositive motion, limited to one memorandum of points and authorities in support of the motion and one reply to any opposition;

b.  One opposition to any motion filed by defendants (and clearly titled as such);

c.  Only one non-dispositive motion pending at any time.  Plaintiff is limited to one memorandum of points and authorities in support of the motion and one reply to any opposition; and

d.  One set of objections to any future findings and recommendations.

Failure to comply with this order shall result in improperly filed documents being stricken from the record and may result in a recommendation that this action be dismissed.

Dated:  November 18, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / harr2000.limit

_____
injunctive relief unrelated to the alleged harm of failure to protect by defendants DeBoard and Lopez, his motion is properly before the undersigned for disposition by order.