IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CARL F. HARRISON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>D. DeBOARD, et al.,<br><br>　　　　　　Defendants. | No. 2:12-cv-2000 KJM-CKD P<br><br>ORDER |

　　　This action is proceeding on plaintiff's Eighth Amendment failure to protect claims against defendants DeBoard and Lopez.  Before the court is defendants' motion for an order allowing them to redact portions of a confidential memorandum filed in support of their motion for summary judgment.  See E.D. Cal. L.R. 140(b); ECF No. 84-6 at 5.

　　　Having considered defendants' motion and the supporting declaration of G. Simpson, the court finds as follows:

　　　Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation.  He was housed at Mule Creek State Prison at all times relevant to this case.

　　　On March 12, 2009, Correctional Officer G. Simpson interviewed plaintiff in connection with plaintiff's claim that he had been assaulted by three inmates in his housing unit.  During the

interview, plaintiff identified the three inmates by name and alleged that the inmates assaulted him because he refused to smuggle contraband to them from the prison's visiting area.

Officer Simpson prepared a memorandum that documented plaintiff's claims concerning the three inmates and the alleged assault. The memorandum identifies the inmates by name, CDCR number, cell assignment, and prison nickname. Officer Simpson routed the memorandum to a supervisor, Facility Captain J. Blim, and it was later classified as "confidential" in keeping with State law due to the sensitive information contained within.

Defendants assert that, while the majority of this memorandum can be publicly disclosed without harm, portions should be redacted, specifically "the identities of the non-party inmates named in the memorandum, as well as their CDCR numbers, cell assignments, and prison nicknames." (ECF No. 83 at 5.) Defendants assert that if the non-party inmates' names and other identifiers were made publicly available, it could impede investigative efforts at the inmates' current institutions and endanger prisoners and prison staff.

Having carefully balanced the public's presumptive right of access to court records with the competing interest of inmate and staff safety in California prisons, the court will grant defendants' motion and consider the redacted memorandum on summary judgment.

Accordingly, IT IS HEREBY ORDERED THAT defendants' motion for an order to file redacted documents (ECF No. 83) is granted.

Dated: July 17, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / harr2000.redact